**Dorothy MASON, Individually, as Special Administrator of the Estate of James Mason, Deceased, and on behalf of Ryan James Mason and Evan Wade Mason, the minor children of James Mason, deceased, Plaintiff,**

v.

**E.L. MURPHY TRUCKING COMPANY INC., et al, Defendants.**

**Civ. A. No. 87–1004–T.**

United States District Court, D. Kansas.

June 21, 1991.

Dennis L. Gillen, Depew, Gillen & Rathbun, Wichita, Kan., for plaintiff.

William R. Smith, Hershberger, Patterson, Jones & Roth, Wichita, Kan., William L. Oliver, Jr., Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the motion of defendant Air Logistics Corporation ("Air Logistics") for summary judgment, and the motion in limine of defendant Minnesota Insurance Guaranty Association. The heirs of James Mason have filed this diversity action for damages under theories of negligence and strict liability. The decedent received fatal injuries while attempting to move a transportation trailer with an attached jet airplane engine from a flat bed semi-tractor trailer onto a combine tractor trailer.

## I. *Motion for Summary Judgment*

It is alleged that Air Logistics was the manufacturer of the transportation trailer. Air Logistics moves for summary judgment on several grounds.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The burden at the summary judgment stage is similar to the burden of proof at trial. The court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claim(s). Rule 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56. Fed.R.Civ.P. 56(e). Each party must demonstrate to the court the existence of contested facts on each claim it will have to prove at trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden the party will face at trial on the particular claim. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513.

### A. Manufacturer Identity

Defendant first contends that plaintiff cannot identify it as the manufacturer of the transportation trailer. Defendant correctly notes that plaintiff bears the burden

of establishing defendant's relationship to the allegedly defective product. *Symons v. Mueller Co.*, 526 F.2d 13, 18 (10th Cir. 1975); *Lenherr v. NRM Corp.*, 504 F.Supp. 165, 168 (D.Kan.1980).

Plaintiff has submitted the affidavits of Sergeant Lester Townsend. Sgt. Townsend avers that during the course of this 19–year employment with the National Guard, he has worked with numerous aircraft engine transportation trailers—both those manufactured by defendant as well as by its competitors. Sgt. Townsend further states that the trailer involved in the Mason accident bears certain features, including nameplate size, that are unique to trailers manufactured by defendant. Defendant opposes any reliance on the opinion of Sgt. Townsend, characterizing him as a "non-expert" who is unqualified to express an opinion as to the identity of the manufacturer of the trailer.

"A trial judge has broad discretion in determining the competency of an expert witness." *Kloepfer v. Honda Motor Co.*, 898 F.2d 1452, 1458 (10th Cir.1990). In making this determination, two general conditions must be met.

> [F]irst, the subject matter must be closely related to a particular profession, business or science and not within the common knowledge of the average layman; second, the witness must have such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth.

*Graham v. Wyeth Laboratories*, 906 F.2d 1399, 1407–08 (10th Cir.1990) (quoting *Bridger v. Union Ry. Co.*, 355 F.2d 382, 387 (6th Cir.1966)). *See also Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir.1991) (in products liability action, a witness's lack of specialization does not affect the admissibility of the opinion, but only its weight).

■ Defendant's argument indicates a belief that only persons with a formal education in a particular field are qualified to express an expert opinion. To the contrary, Fed.R.Evid. 702 also allows a person possessing specialized knowledge, skill, or experience to render expert opinions. *See Davis v. United States*, 865 F.2d 164, 168 (8th Cir.1988) ("Rule 702 does not state a preference for academic training over demonstrated practical experience."). Sgt. Townsend has 19 years of experience in operating and maintaining transportation trailers such as those involved in this accident. This practical experience is sufficient to allow Sgt. Townsend to render an expert opinion regarding any markings unique to the trailer that might identify its manufacturer. *See Lenherr v. NRM Corp.*, 504 F.Supp. 165, 168–71 (D.Kan. 1980) (trial court relied on expert testimony identifying manufacturer based on particular markings on machine). In the court's view, any inadequacies relating to Sgt. Townsend's qualifications and observations in this case go only to the weight of his testimony rather than its admissability.

■ The court finds that plaintiff has sufficiently controverted defendant's challenge to withstand summary judgment. Because plaintiff has demonstrated an ability to prove circumstantially the identity of the manufacturer, the court will not address the viability under Kansas law of plaintiff's theories of liability for negligent design, *see Schmeck v. City of Shawnee*, 232 Kan. 11, 651 P.2d 585 (1982), "alternative liability," *see Mason v. Texaco, Inc.*, 741 F.Supp. 1472, 1481–82 n. 5 (D.Kan. 1990), or "concerted action." *See State ex rel. Mays v. Ridenhour*, 248 Kan. 919, 811 P.2d 1220, 1226 (1991) (quoting *Restatement (Second) of Torts* § 876 (1977)); *American Family Mutual Ins. Co. v. Grim*, 201 Kan. 340, 345, 440 P.2d 621 (1968).

Defendant also contends that plaintiff should be barred from attempting to prove the identity of the manufacturer with circumstantial evidence because of plaintiff's "lack of diligence." All parties apparently agree that there are no records indicating the manufacturer of the transportation trailer. Although defendant has indicated its belief that identifying markings on the trailer may have been removed after the accident, plaintiff states that neither she

nor her witnesses have any knowledge of any modifications of the trailer since the date of the accident. Doc. 103, at 18. Plaintiff further states that it apprised defendant as soon as the trailer was located, and that defendant has had the same opportunity to inspect the trailer as plaintiff.

Defendant contends that its inability to ascertain specific information regarding the specific trailer deprives it of two defenses. First, defendant argues that plaintiff's "lack of diligence" has precluded it from asserting a "government contract defense." In *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988), the Court held that under certain circumstances, federal common law preempts state tort liability for persons who supply military equipment to the government.

> Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

*Id.* 108 S.Ct. at 2518. *See also* K.S.A. § 60–3304(c). Because there are no known and identifiable records of the contract under which the transportation trailer was purchased, defendant contends that it has been deprived of the ability to assert this defense.

■ Defendant correctly notes that it bears the burden of establishing all three elements of the defense by producing the contract under which it asserts the defense. *See Smith v. Xerox Corp.*, 866 F.2d 135, 137–38 (5th Cir.1989). Defendant makes no allegation that plaintiff engaged in the intentional spoliation of evidence, but only makes the unsubstantiated, and controverted, allegation that plaintiff failed to exercise due diligence in preserving evidence. Even accepting defendant's allegation that plaintiff's "lack of diligence" led to the loss of evidence, defendant cites no authority requiring a party to exercise due care to preserve evidence in the absence of a specific duty. *Cf. Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1419 (10th Cir.1987) (unintentional loss of files required to be preserved by regulation gave rise to negative inference). Normally, no adverse effect to one's opponent flows from the loss of evidence unless the opponent is shown to have had bad faith. *See Jackson v. Harvard Univ.*, 721 F.Supp. 1397, 1412–14 (D.Mass. 1989), *aff'd*, 900 F.2d 464 (1st Cir.1990). The court notes that this loss also prejudices plaintiff by forcing her to prove her case with circumstantial evidence. There is no basis for imposing any sanction upon plaintiff for allegedly failing to preserve evidence relevant to Air Logistics' defense.

■ Defendant also argues that plaintiff's actions have prevented it from asserting a statute of repose defense. Under K.S.A. § 60–3303, a product seller is not liable for harm caused after the useful safe life of the product. Subsection (b)(1) of the statute creates a rebuttable presumption that the useful safe life has expired if the harm has occurred after 10 years from the time of delivery of the product. Because defendant cannot determine when the transportation trailer was delivered, it contends that it has been deprived of the statute of repose defense.

For similar reasons, the court also finds that plaintiff cannot be barred from proving the identity of the manufacturer simply because of defendant's inability to determine the time of the product's delivery. Absent a showing of intentional conduct on the part of plaintiff in the spoliation of evidence, the court finds no unfair prejudice to defendant.

**B. Product Modification**

■ Defendant also moves for summary judgment on the ground that the transportation trailer has been modified while in the possession of the United States Air Force. Product modification may relieve a manufacturer of liability for a defective design if the manufacturer could not have reasonably foreseen the modification that is alleged to have occurred. *See Burnette v. Dow Chem. Co.*, 849 F.2d 1269,

1274–75 (10th Cir.1988); *see also Mays v. Ciba–Geigy Corp.*, 233 Kan. 38, 661 P.2d 348, syl. ¶ 3 (1983) (dangerous condition must have existed at time it left defendant's control). Defendant supports its contention with the affidavit of Donald Franken, an employee of defendant, and with an unidentified document incorporated into an unidentified solicitation bid that suggests a replacement of the trailer's brake parts were to be performed.

■ The court finds that genuine issues of fact exist with respect to the alteration of the transportation trailer. First, plaintiff contends that at the time of the accident, the trailer conformed to defendant's plans and designs. Thus, although certain components of the trailer may have been replaced, it is unclear whether the replacements can be equated with an alteration in the product as designed and produced by defendant. Second, assuming a true product alteration occurred, defendant has not addressed whether this was an alteration that was reasonably foreseeable and economically feasible. *See Garst v. General Motors Corp.*, 207 Kan. 2, 22, 484 P.2d 47 (1971) (economic factors relevant to feasibility of safer design).

## C.  Failure to Warn

Defendant contends that plaintiff cannot recover under a theory of failure to warn because any warning affixed to the trailer has been removed. Although this defense may ultimately prove meritorious, the court will defer ruling on this theory until further development of the facts at trial.

## II.  *Motion in Limine*

Defendant Minnesota Insurance Guaranty Association ("MIGA") has filed a motion in limine. Defendant has filed no memorandum in support of its motion, although plaintiff has filed a brief in response. No reply brief by defendant has been filed.

Under D.Kan.Rule 206(a) motions must be accompanied by a brief or memorandum. "A motion not accompanied by a required brief or memorandum may, in the discretion of the court, be summarily denied." *Id.* 206(g). Defendant's motion sets forth neither sufficient facts nor law upon which the court might render a decision. With the assistance of plaintiff's brief in response, the court is able to glean that MIGA is apparently the guarantor of one of at least two workman's compensation carriers for plaintiff's employer. The workman's compensation carrier that MIGA guaranteed is now insolvent. MIGA claims that plaintiff must exhaust her funds from the other carrier, and further claims that any amounts paid by other carriers must be deducted from the amount for which MIGA is liable.

Whatever the merit of defendant's position, its cursory statement of facts and law does not provide the court with an adequate basis upon which to make an informed judgment. For this reason, the motion will be denied.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant Air Logistics Corporation for summary judgment (Doc. 93) be denied.

IT IS FURTHER ORDERED that the motion in limine of defendant Minnesota Insurance Guaranty Association (Doc. 87) be denied.