Donald E. WORTHINGTON, Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

Civil Action No. 01–2106–GTV.

United States District Court, D. Kansas.

April 10, 2003.

Marc K. Erickson, Robert G. Rooney, Wagstaff & Cartmell LLP, Kansas City, MO, for Plaintiff.

Daniel C. Estes, Fisher, Patterson, Sayler & Smith, Overland Park, KS, Steven R. Fabert, Fisher, Patterson, Sayler & Smith, Topeka, KS, James R. Jarrow, Baker, Sterchi, Cowden & Rice, L.L.C., David P. Madden, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

Plaintiff Donald E. Worthington brings this product liability action against Defendant Wal–Mart Stores, Inc., for injuries sustained when his flannel shirt caught on fire while he was welding. The case is before the court on two motions to exclude expert testimony (Docs. 194 and 198). Plaintiff asks the court to exclude the testimony of Defendant's experts, R. Bruce LeBlanc and Timothy Lednicky. Defendant asks the court to exclude the testimony of Plaintiff's experts, Walter Thomas and Gary Bakken. For the following reasons, the court determines that Dr. Le-Blanc and Mr. Lednicky may testify regarding all topics in their expert reports. Dr. Thomas may testify regarding all but one of the topics in his expert report. Dr. Bakken will not be allowed to testify at trial. Accordingly, Plaintiff's motion (Doc. 194) is denied, and Defendant's motion (Doc. 198) is denied in part and granted in part.

## I. STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence governs whether expert testimony is admissible. When evaluating testimony under Rule 702, the court serves a "gatekeeping" function, which "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The court has broad discretion in deciding whether to admit expert testimony, *Kieffer v. Weston Land, Inc.,* 90 F.3d 1496, 1499 (10th Cir.1996), but it must determine whether the testimony will be both relevant and reliable. *Kumho Tire Co.,* 526 U.S. at 141, 119 S.Ct. 1167 (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

To determine relevancy, the court must consider whether the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."

Fed.R.Evid. 702. The court should evaluate whether the testimony is " 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.' " *Daubert,* 509 U.S. at 591, 113 S.Ct. 2786 (citation omitted). To determine reliability, the court should utilize the flexible *Daubert* test of reliability, which includes the following factors: "(1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant community." *Sawyer v. Southwest Airlines Co.,* 243 F.Supp.2d 1257 (D.Kan.2003) (citing *Kumho Tire Co.,* 526 U.S. at 149, 119 S.Ct. 1167). An expert's qualifications are relevant to the reliability inquiry. *Id.* (citations omitted).

## II. DISCUSSION

Each party has moved to disqualify the other party's experts. The court heard argument on March 27, 2003 and took the motions under advisement. The court has carefully reviewed the record and now makes the following rulings.

### A. Dr. LeBlanc

Dr. LeBlanc is Defendant's expert who will testify that Plaintiff's flannel shirt was not defective. Plaintiff advances several arguments why the court should exclude Dr. LeBlanc's testimony, which can be summarized as follows: (1) the materials cited by Dr. LeBlanc are unreliable or fail to support his opinion; (2) the manikin test conducted by Dr. LeBlanc did not accurately recreate the circumstances in the instant case; (3) the video of Dr. LeBlanc's manikin test is prejudicial; (4) the testing conducted by Dr. LeBlanc is unreliable and irrelevant because it did not comply with federal regulation protocol; and (5) Dr. LeBlanc is not qualified to testify on flammability warning issues.

The court rejects each of Plaintiff's arguments. Dr. LeBlanc is well-qualified to testify on fabric flammability issues. He holds a Ph.D. in chemistry from Tulane University and has worked in the area of flammability and flame resistance since 1960. He has consulted, lectured, and written on flammability and flame resistance, and was the editor of the Textile Flammability Digest from 1973–1987.

The court has reviewed the materials cited by Dr. LeBlanc and determines that they are "of a type reasonably relied upon by experts in the particular field," as required by Fed.R.Evid. 703. Furthermore, Dr. LeBlanc's testing and the results of such testing will be helpful to the jury. Dr. LeBlanc may explain to the jury why he chose to conduct the tests in a certain manner. Finally, Dr. LeBlanc is qualified to testify as to why a warning is not necessary based on his knowledge of fabric flammability.

Plaintiff also argues that the court should not allow Dr. LeBlanc to testify because Defendant did not comply with the August 29, 2002 order of Magistrate Judge David Waxse. The court has considered Plaintiff's argument, but declines to exclude the opinion of either of Defendant's experts on this basis. Plaintiff's motion is denied with respect to Dr. LeBlanc.

### B. Mr. Lednicky

According to Mr. Lednicky's expert report, he intends to testify as a professional welder regarding welding, welding practices and procedures, and welding safety. Plaintiff seeks to exclude Mr. Lednicky's testimony, arguing that the subjects of his proposed testimony are within the knowledge of a layman, that his testimony is unreliable, and that the standards of professional welders are irrelevant, as Plaintiff is not a professional welder. The court declines to exclude Mr. Lednicky's testimony on such grounds.

One of Mr. Lednicky's opinions is that Plaintiff was welding "out of position." Such testimony is not within the knowledge of a layman. Furthermore, the court considers Mr. Lednicky's testimony reliable; he is experienced in welding and has taught welding classes for close to twenty years. He has also consulted several welding textbooks in reaching his conclusions. Finally, the court declines to exclude Mr. Lednicky's testimony as irrelevant; while Plaintiff is not a professional welder, the knowledge he should have had regarding the risks of welding may be relevant.

While portions of Mr. Lednicky's testimony may be ruled inadmissible at trial, the court declines to exclude him as a witness entirely. Furthermore, allowing his testimony will not unduly prejudice Plaintiff, as Plaintiff suggests. Plaintiff's motion is denied with respect to Mr. Lednicky.

### C. Dr. Thomas

Plaintiff seeks to introduce Dr. Thomas to testify on the following issues:

- Flammability characteristics of various fabrics, including the fabric contained in the Worthington shirt;
- Industry and government fire hazard data;
- Applicable standards, as well as inadequate tests utilized;
- The safety of the garment worn by Donald Worthington relative to choice of fabrics, design, style and warnings;
- Alternative safer fabrics that could have been used;
- Alternative safer designs which should have been used;
- Causation including the lesser injuries that would have been sustained using alternate safer fabrics and/or design; and
- Wal–Mart's responsibility for the failure to do appropriate and adequate

testing; failure to use safer fabric; and failure to use a safer design, including appropriate warnings.

Expert Report of Walter Thomas, Ph.D., at 2. Defendant objects to Dr. Thomas's testimony for several reasons: (1) Dr. Thomas is unqualified to comment on the validity of any alternative tests; (2) he has not made any comparative studies on the flammability of flannel relative to other fabrics; (3) he may be qualified to testify as to the adequacy of the federally mandated garment flammability test, but that subject matter is irrelevant; (4) he failed to conduct tests required by the Flammable Fabrics Act; (5) his manikin test was not an accurate reproduction of what happened in this case; and (6) he is unqualified to testify about Wal–Mart's responsibility.

The court determines that Dr. Thomas's testimony is both relevant and reliable regarding all of his proposed subject areas except the responsibility of Wal–Mart. That matter is an issue which is solely within the province of the jury.

Dr. Thomas has done extensive work in the area of flammability regulation and the development of alternative testing models. He holds a Masters Degree in Textiles and a Ph.D. in Management. He has taught the properties of fibers, yarns, and fabric for approximately twenty-six years. He worked for the National Bureau of Standards and the Consumer Product Safety Commission for approximately five years, managing a group that developed a test that was a proposed replacement for the federal flammability test of 16 C.F.R. § 1610. Such experience renders him qualified to discuss alternative testing methods, the flammability of flannel compared to other fabrics, and the inadequacy of the federal test. The court also concludes that the adequacy of the federal test is relevant in this case; showing that

the test is outdated is one method of rebutting the presumption of non-defectiveness under K.S.A. § 60–3304(a). *Miller v. Lee Apparel Co.*, 19 Kan.App.2d 1015, 881 P.2d 576, 584–85 (1994) (citing 44 Fed.Reg. 62,730–31).

The court rejects Defendant's claim that the manner in which Dr. Thomas conducted his tests is unacceptable for the same reason the court rejects Plaintiff's claim regarding Dr. LeBlanc's tests. Both experts may explain the rationale behind their choice of testing procedures.

■ While the court concludes that Dr. Thomas may not testify regarding the ultimate responsibility of Wal–Mart for Plaintiff's injuries, all other areas of his expert report meet the standards of *Daubert* and Rule 702. Defendant's motion is denied in part and granted in part with respect to Dr. Thomas.

### D. Dr. Bakken

■ Plaintiff seeks to introduce Dr. Bakken to testify as a human factors and labeling expert. Dr. Bakken's testimony would relate to the need for a warning label in flannel shirts. Defendant argues that Dr. Bakken's proffered testimony is neither relevant nor reliable.

The court has reviewed Dr. Bakken's materials and determines that Dr. Bakken's opinions are not based on sufficient facts and/or data. While Dr. Bakken holds a Ph.D. in Industrial Engineering (human factors/ergonomics), his opinion in this case would not assist the trier of fact. He lacks experience in the field of fabrics, garments, or shirt labels. He has offered no factual basis, analytical framework, or reasoning process for the conclusions he has reached. Under the standards of Rule 702 and *Daubert*, the court must grant Defendant's motion with respect to Dr. Bakken.

In sum, the court concludes that Dr. LeBlanc and Mr. Lednicky may testify

regarding all topics in their expert reports. Dr. Thomas may testify regarding all but one of the topics in his expert report. Dr. Bakken will not be allowed to testify at trial.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiff's motion to exclude expert testimony (Doc. 194) is denied. Defendant's motion to exclude expert testimony (Doc. 198) is granted in part and denied in part.

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**