Dale **GEHRING, Plaintiff–Appellant,**

v.

**CASE CORPORATION, Defendant–Appellee.**

No. 94–1371.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 1994.

Decided Dec. 28, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 30, 1995.

Michael R. Fox (argued), Mary E. Kennelly, Fox & Fox, Madison, WI, for plaintiff-appellant.

Lawrence M. Shindell (argued), Anne B. Shindell, Shindell & Shindell, Milwaukee, WI, for defendant-appellee.

Before LAY,* EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Case Corporation (formerly J.I. Case Corp.) is one of the world's leading producers of construction and agricultural machinery. Selling in a global market, Case has been under intense competitive pressure, and its older facilities have not flourished. The plant in Wausau, Wisconsin, had been shrinking steadily when in June 1991 management told Ray Watson, the Controller at Wausau, that he would have to make do with two cost accountants rather than five. Dale Gehring was among the three Watson picked to let go. Gehring had been a supervisor until 1988, when an earlier reduction in force returned him to a line position. Watson believed that Gehring had not adjusted well and was reluctant to do the drudge work of ordinary cost accountancy. Gehring believes that his age (52 at the time) rather than his attitude accounts for the decision, but the jury believed Watson's explanation and returned a verdict for Case. Gehring asks us to award him another trial. (The Wausau plant closed in October 1993, but Gehring could recover for wages lost between June 1991 and October 1993 if his age led to the earlier discharge.)

The district judge curtailed discovery from Case's personnel files, and Gehring believes that this unduly hampered his case. Gehring was not trying to show that the reduction in force had a disparate impact on Case's older employees—a theory of age discrimination that is unavailable in this circuit, *EEOC v. Francis W. Parker School,* 41 F.3d 1073 (7th Cir.1994); *Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120 (7th Cir. 1994)—but instead wanted the files to help him establish that Case gave better treatment to younger employees, buttressing his claim that the reason for his discharge was age. Using this method depends on showing that the other employees selected for comparison are situated similarly to the plaintiff. *Troupe v. May Department Stores Co.,* 20 F.3d 734, 736–38 (7th Cir.1994). After examining the personnel files Gehring wanted to use, the district judge concluded that the other employees' circumstances were not close enough to Gehring's to make comparisons productive. Turning over the files, however, would invade the privacy of the other employees, and the district judge feared that Gehring wanted to use this evidence not for purpose of comparison but to put Case's personnel practices on trial. The judge concluded that the privacy interests, coupled with her determination to keep the trial focused squarely on Gehring's claim, justified limiting counsel's ability to root through the personnel files. The judge followed up with similar evidentiary rulings at trial. District judges have substantial discretion to make such decisions to curtail the expense and intrusiveness of discovery and trial. *Rennie v. Dalton,* 3 F.3d 1100, 1110 (7th Cir.1993). The judge, who permitted live testimony (in Gehring's favor) from one of the proposed comparison employees, did not abuse that discretion.

* Hon. Donald P. Lay, of the Eighth Circuit, sitting by designation.

■ Gehring's other arguments concern the jury instructions. He wanted the judge to walk the jury through the paradigm established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The judge declined, for the very good reason that the Supreme Court has held that this burden-shifting model applies to pretrial proceedings, not to the jury's evaluation of evidence at trial. Once the judge finds that the plaintiff has made the minimum necessary demonstration (the "prima facie case") and that the defendant has produced an age-neutral explanation, the burden-shifting apparatus has served its purpose, and the only remaining question—the *only* question the jury need answer—is whether the plaintiff is a victim of intentional discrimination. *Postal Service v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). See also *EEOC v. G–K–G, Inc.,* 39 F.3d 740, 746 (7th Cir.1994); *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 127 (5th Cir. 1992); *Ramsey v. American Air Filter Co.,* 772 F.2d 1303, 1312–13 (7th Cir.1985). Gehring also wanted the judge to instruct the jury about one permissible inference: that if it did not believe the employer's explanation for its decisions, it may infer that the employer is trying to cover up age discrimination. This is a correct statement of the law, *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993), but a judge need not deliver instructions describing all valid legal principles. Especially not when the principle in question describes a permissible, but not an obligatory, inference. Many an inference is permissible. Rather than describing each, the judge may and usually should leave the subject to the argument of counsel. *United States v. Sblendorio,* 830 F.2d 1382, 1391 (7th Cir.1987). Gehring's lawyer asked the jury to draw this inference; neither judge nor defense counsel so much as hinted that any legal obstacle stood in the way. Instructions on the topic were unnecessary.

One of Gehring's arguments gives us pause, however. Not only the lawyers but also the judge repeatedly used the words "determining factor." The special verdict forms called on the jury to decide whether Gehring's age was "a determining factor in the defendant's decision to terminate his employment?" The instruction defining this term reads:

> You are instructed that in answering Question No. 1 on the special verdict form, you must decide whether plaintiff has shown by the greater weight of the credible evidence that he would not have been let go had it not been for his age. If your answer to this question is yes, then you have found that plaintiff's age was a determining factor in the termination of his employment and you should answer "yes" to Question No. 1 on the verdict. If you decide that the plaintiff has not shown by the greater weight of the credible evidence that he would have been let go had it not been for his age, then you have found that age was not a determining factor in the termination of his employment and you should answer "no" to Question No. 1 on the verdict.

After deliberating for a while, the jury asked the judge to clarify what it means for age to be "*a* determining factor ... Is it the only determining factor or one of the determining factor?" [Sic.] Gehring asked the judge to reply that there may be more than one "determining factor" and that it should decide in his favor if age was among them. Instead the judge told the jury:

> The question asks about a determining factor. By a determining factor, I mean the plaintiff must prove that he would not have been selected for layoff but for his age.

Gehring insists that both the original instruction and the response to the jury's question are error.

■ How "determining factor" entered the vocabulary of age discrimination is a mystery. The term does not appear in the Age Discrimination in Employment Act, and the Supreme Court has never used it in a case under the ADEA. True, the Court once quoted from a legislative report that contains the term, see *Western Air Lines, Inc. v. Criswell,* 472 U.S. 400, 411 n. 16, 105 S.Ct.

2743, 2750 n. 16, 86 L.Ed.2d 321 (1985), but it did not suggest that these words have any legal significance. Terms that lack legal meaning may be useful in jury instructions if they assist lay deciders in coping with the words that do carry legal force. But "determining factor" is not a term in common usage, and it therefore does not illuminate the essential concepts. Putting unusual terms in jury instructions does little beyond confusing the jurors. Jurors must learn concepts with which they are apt to be unfamiliar. Expressing these concepts in *terms* with which they are unfamiliar can't help matters. Good instructions use simple words in short, concrete sentences. E.g., Federal Judicial Center, *Pattern Criminal Jury Instructions* (1987) (including an appendix of suggestions for making instructions more understandable). Judges ought not assume that jurors come armed with copies of H.L.A. Hart & Tony Honoré, *Causation in the Law* (2d ed. 1985), and the academic background necessary to put its distinctions to use.

The legal question is straightforward and may be explained without reference to words such as "determining factor." Hart & Honoré found it possible to plumb the depths of causation without employing these words; juries, too, can dispense with them. They must decide whether age accounts for the decision—in other words, whether the same events would have transpired if the employee had been younger than 40 and everything else had been the same. *Hazen Paper Co. v. Biggins*, —— U.S. ——, ——, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993); *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655 (7th Cir.1991) (en banc). Because the ADEA's question is counterfactual (the jury must ask what would have happened if conditions were different), it is especially important to write instructions that are as clear and simple as possible. When the legal issue is complex, simplicity of language is vital. "Determining factor" has no useful role to play in jury instructions under the ADEA. These words pose but do not answer the very question this jury asked: what happens if more than one factor is at work?

■ To say that jury instructions ought to avoid legalistic and ambiguous terms is not to say that an instruction including them is reversible error. *Mayall v. Peabody Coal Co.*, 7 F.3d 570, 573–74 (7th Cir. 1993), holds that an instruction using this term does not compel reversal, even if the judge declines to add that there may be more than one determining factor. Gehring contends that the events of his trial show the problem with this term and should lead us to overrule *Mayall*, but the principle of that case—that a party is not entitled to the best possible instruction—is sound and dispositive. For the instructions given to this jury told the jury what it needed to know. Recall the first sentence of the instruction: "You are instructed that in answering Question No. 1 on the special verdict form, you must decide whether plaintiff has shown by the greater weight of the credible evidence that he would not have been let go had it not been for his age." This is the fundamental question under the ADEA, and the judge repeated this advice when the jury asked about "determining factor." In these instructions "determining factor" carried no weight. The words could have been replaced by "banana" wherever they appeared, without loss of meaning.

■ What the jury needs to know can, and should, be expressed in simple language. Here is one attractive formulation: "You must decide whether the employer would have fired [demoted, laid off] the employee if the employee had been younger than 40 and everything else had remained the same." Such an instruction uses simple and familiar words, avoids double negatives, and can be tailored to the circumstances of the claim. It tells the jury what to do if it finds that the employer took more than one thing into account. Suppose the employer considered four things in sacking an employee: age, skills, attendance, and attitude. If any two of these (mediocre skills and bad attitude, for example), would have been enough to produce a discharge, then there has been no age discrimination, and a jury asking the question as we have phrased it would give the right answer. If, however, all four in conjunction brought about the discharge—if the employee would have been retained had he been younger, *or* more punctual, *or* more

skilled, *or* more enthusiastic—then age tipped the balance, and the employee should prevail, and would do so under the instruction we suggest. Similarly, if the employer would not have discharged the employee without the presence of three factors, and the jury disbelieves the employer's position on one of them (concludes, say, that the employee's attitude was fine), then under this formulation the jury will return a verdict for the plaintiff.

Other cases suggest variations, which although a little more complex provide the same information. See *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388, 393–94 (8th Cir.1992) (suggesting that the judge tell the jury to decide for the defendant if the same decision would have been made regardless of the plaintiff's age). We do not want to tie the judge's hands; language works best if it responds to the nature of the precise dispute between the parties. But we urge every district judge to take a red pencil to arcane, cabalistic, inscrutable, ambiguous, and unnecessary words. The closer the instructions come to the jurors' everyday language, the more likely the jurors are to apply them correctly.

AFFIRMED.