**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD C. CALHOUN,

      Plaintiff-Appellant,

v.

BALL CORPORATION,

      Defendant-Appellee.

No. 95-1272
(D.C. Nos. 92-B-2283
&
93-B-1078)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This dispute arises out of Calhoun's employment with Ball Corporation. Ball hired Calhoun, an African-American, as a Designer in January 1990. Calhoun repeatedly sought a promotion to Design Engineer based on a promise allegedly made when he was hired, but his requests were denied. Ball claimed that Calhoun was not only not qualified for the position of Design Engineer, but was even having trouble doing satisfactory work as a Designer. Calhoun maintained that he was already doing the work of Design Engineer, but without the job title or the compensation that should go with it. Calhoun also alleged that he was subjected to racially derogatory statements during his employment with Ball, and was verbally reprimanded when he complained about this discriminatory treatment.

After his termination in August 1992, Calhoun sued Ball for discrimination and retaliation under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, and for breach of contract and promissory estoppel under Colorado law. The district court granted summary judgment in favor of Ball on Calhoun's state law claims,[1] but his Title VII and § 1981 claims proceeded to jury trial. After a two-day trial, the jury returned a verdict in favor of Ball on both claims, and the

---

[1]     The district court denied summary judgment on Calhoun's promissory estoppel claim based on Ball's failure to promote him. Calhoun abandoned this claim at trial, however, and we therefore need not address it.

district court accordingly entered judgment in favor of Ball. Calhoun appeals. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Calhoun argues on appeal that the trial court erred in: (1) instructing the jury on the elements of his discrimination and retaliation claims; (2) excluding the testimony of Debra Anaya that Ball would take adverse action against any minority employee who complained about discrimination; (3) precluding him from calling an expert witness, Carl Pistole, to testify concerning his qualifications as an engineer; and (4) granting summary judgment in favor of Ball on his claims for breach of contract and promissory estoppel.

Calhoun argues that the instructions on his discrimination and retaliation claims were misleading because they did not instruct the jury that it could find in his favor if it determined that Ball's proffered reasons for not promoting and, ultimately, terminating him were false. This arguments is without merit. "Although the McDonnell Douglas[2] burden shifting analysis is a tool the courts use in Title VII cases, the ultimate burden of persuasion rests upon the plaintiff." Murray v. City of Sapulpa, 45 F.3d 1417, 1421 (10th Cir. 1995). "The burden shifting analysis drops out of consideration when the case is submitted to the jury on the merits." Id.; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993) (holding that McDonnell Douglas framework "drops out of the picture"

---

[2] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-04 (1973).

once defendant has produced evidence to rebut presumption of unlawful discrimination). "[T]he trier of fact proceeds to decide the ultimate question: whether plaintiff has proven that the defendant intentionally discriminated [or retaliated] against [him] because of his race." St. Mary's Honor Ctr., 509 U.S. at 511 (quotation omitted). Although the jury's rejection of Ball's proffered reasons for its actions would have allowed it to infer the ultimate facts of intentional discrimination or retaliation, see id., we believe the instructions correctly conveyed the applicable law to the jury. See Furr v. AT&T Techs., Inc., 824 F.2d 1537, 1549 (10th Cir. 1987).

Calhoun next argues that the trial court erred in excluding the testimony of Debra Anaya that Nick Barr, another Ball employee, told her that Ball management would blackball employees who complained about racial discrimination. Calhoun also contends that the trial court should have allowed Anaya to testify that other unnamed co-workers told her not to complain to Ball's human resources department about racial discrimination because the department would not investigate the complaint and would retaliate against her. "Whether to admit or exclude evidence is within the trial court's discretion." Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997). "[W]e will not disturb the [trial court's] determination absent a distinct showing it was based

on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." Id. (quotation omitted).

The trial court did not abuse its discretion in refusing to allow Anaya's testimony. Barr's alleged statement to Anaya is inadmissible hearsay. His other testimony contradicts Calhoun's contentions that he was a management employee or that such a statement would have been within the scope of his employment. Anaya's testimony that other unnamed co-workers warned her not to complain to Ball's human resources department about racial discrimination is also inadmissible hearsay. Calhoun failed to identify the co-workers who allegedly made these statements to Anaya, and he therefore failed to show that the statements were made within the scope of their employment.

We also review a district court's decision to exclude expert testimony for abuse of discretion. See Kieffer v. Weston Land, Inc., 90 F.3d 1496, 1499 (10th Cir. 1996). Calhoun contends that his expert, Carl Pistole, would have testified about Calhoun's qualifications as a Design Engineer, his job performance at Ball, and whether he should have been promoted. We find no abuse of discretion in the district court's exclusion of this evidence. The proffered testimony was based on surmise and speculation. See id.

Finally, we review the grant of summary judgment on Calhoun's state law claims de novo, using the same standard as that applied by the district court. See

-5-

Hollingsworth v. Hill, 110 F.3d 733, 737 (10th Cir. 1997). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under Colorado law, an employee hired for an indefinite length of time is an at-will employee who can be terminated at any time without cause or notice. See Continental Air Lines, Inc. v. Keenan, 731 P.2d 708, 711 (Colo. 1987). Calhoun argues that the evidence presented concerning Ball's policies, practices, and procedures established a genuine issue of material fact as to whether Ball entered into a contract of employment with him. We disagree. The disclaimer provision in Ball's employee rules of conduct made it clear that all Ball employees were employed at-will. See Appellant's App., Vol. I at 326. Likewise, the disclaimer language in Ball's rules of conduct made it clear that nothing therein created a contract of employment. See id. If there were any Ball policy documents in conflict with these disclaimer provisions, as claimed by Calhoun, he failed to point them out. The trial court therefore did not err in granting summary judgment in favor of Ball and in dismissing Calhoun's implied contract and promissory estoppel claims. Calhoun remained an at-will employee.

Calhoun's motion to file a supplemental appendix is GRANTED.

-6-

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge