<b>F I L E D</b>
<b>United States Court of Appeals</b>
<b>Tenth Circuit</b>

<b>OCT 29 1998</b>

<b>PATRICK FISHER</b>
<b>Clerk</b>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

   and

NANCY D. SMYLIE;
VAN WILLIAM SCHMITZ,

      Plaintiffs-Intervenors-
      Appellants,

v.

LORAL AEROSPACE
CORPORATION, doing business
as Loral Aerospace Services,

      Defendant-Appellee.

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff-Appellant,

   and

NANCY D. SMYLIE;
VAN WILLIAM SCHMITZ,

      Plaintiffs-Intervenors,

No. 97-2333
(D.C. No. CIV-96-597-PK)
(D. N.M.)

v.

LORAL AEROSPACE
CORPORATION, doing business
as Loral Aerospace Services,

Defendant-Appellee.

No. 97-2350
(D.C. No. CIV-96-597-PK)
(D. N.M.)

## ORDER AND JUDGMENT [*]

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Plaintiff, Equal Employment Opportunity Commission (EEOC), and plaintiffs-in-intervention, Nancy D. Smylie and Van William Schmitz, sued defendant, now known as Lockheed Martin Aerospace Corp., claiming defendant violated Title VII by removing Ms. Smylie from a flight director training program

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

because she is a woman, and by retaliating against Mr. Schmitz by discharging him when he complained about the unlawful treatment of Ms. Smylie. After a jury trial, a verdict was returned in favor of defendant. The district court entered a judgment on the verdict against the EEOC, Ms. Smylie and Mr. Schmitz, which they now appeal. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

On appeal, Ms. Smylie and Mr. Schmitz assert error in three jury instructions and two evidentiary rulings. They also claim that cumulative error requires a new trial. The EEOC's appeal overlaps that of Ms. Smylie and Mr. Schmitz on the issue of the district court's failure to give one jury instruction. Defendant claims plaintiffs failed to preserve three of their appellate issues and, in any event, the district court's rulings were correct.

Defendant claims that plaintiffs failed to register their objections to two of the jury instructions because they did not renew their objections after all of the instructions were read to the jury, as required by the district court. The district court's directive, however, required the parties to register any new objections after the instructions were read. Because plaintiffs made their objections during the jury instruction conference, their issues were preserved for appeal. See Fed. R. Civ. P. 51. Defendant also asserts that plaintiffs waived their objections to the evidentiary rulings, both of which were addressed in a pretrial order disposing of various motions in limine, because they did not renew their

objections. The record demonstrates that plaintiffs timely objected to the exclusion of the evidence. We proceed to address the merits of plaintiffs' claims.

"We review a district court's decision on whether to give a specific jury instruction for abuse of discretion, but we review the instructions themselves de novo to determine whether as a whole they state the governing law and provide the jury with a proper understanding of the issues." Gunnell v. Utah Valley State College, 152 F.3d 1253, 1259 (10th Cir. 1998). Any error in the jury instructions is harmless, however, if the appellant suffered no prejudice. See Osteguin v. Southern Pac. Transp. Co., 144 F.3d 1293, 1295 (10th Cir. 1998).

Ms. Smylie, Mr. Schmitz and the EEOC appeal the district court's refusal to give a stipulated instruction stating that a causal connection may be inferred from protected opposition to discrimination closely followed by adverse employment action. The jury was permitted to draw such an inference, see Marx v. Schnuck Mkts., Inc., 76 F.3d 324, 329 (10th Cir. 1996), "but a judge need not deliver instructions describing all valid legal principles," particularly where the inference is permissible but not obligatory, Gehring v. Case Corp., 43 F.3d 340, 343 (7th Cir. 1994). The district court permitted plaintiffs' counsel to argue that the timing created an inference of retaliation. See R., vol. V at 1223. Plaintiffs argue that they were prejudiced because the jury may not have understood that this circumstantial evidence was sufficient to find that retaliation was a

motivating factor in the decision to discharge Mr. Schmitz. Viewing the jury instructions as a whole, particularly Instruction No. 5 ("Plaintiffs are not required to produce direct evidence of discriminatory motive," but may rely on circumstantial evidence, Appellants' App., vol. III at 113), we conclude that the instructions stated the applicable law and provided a proper understanding of the issues.

The remaining claims of error are presented by Ms. Smylie and Mr. Schmitz, but not by the EEOC. They challenge the jury instruction permitting the jury to find that defendant may have had a mixed motive for discharging Mr. Schmitz. The jury found that retaliation was not a motivating factor in Mr. Schmitz's termination, so did not reach the question of a mixed motive. Therefore, any error in the challenged instruction was harmless because plaintiffs have suffered no prejudice. See Osteguin , 144 F.3d at 1295 & n.4.

Plaintiffs next claim that Instruction No. 8E improperly imposed an additional element of a cause of action for retaliation by requiring a finding that Mr. Schmitz had a good faith, reasonable belief that defendant had removed Ms. Smylie from the training program on the basis of her gender. Plaintiffs allege that the instruction invited the jury to speculate on their good faith. The complete jury instruction, however, is a correct statement of the law that plaintiffs did not have to prove that defendant had in fact violated Title VII, but only that

Mr. Schmitz had a reasonable, good faith belief that defendant's actions violated the law. See Love v. Re/Max of Am., Inc., 738 F.2d 383, 385 (10th Cir. 1984) ("[O]pposition activity is protected when it is based on a mistaken good faith belief that Title VII has been violated."). Accordingly, the instruction was not an abuse of discretion.

Plaintiffs also challenge the district court's rulings on two evidentiary matters. First, they claim the district court should have admitted into evidence the EEOC's findings and determinations of probable cause regarding defendant's alleged Title VII violations. The court excluded the evidence, finding that admitting it would compromise defendant's right to a fair trial. We review for an abuse of discretion a district court's determination of relevance and prejudice regarding a report otherwise admissible under Fed. R. Evid. 803(8)(C). See Vining ex rel. Vining v. Enterprise Fin. Group, Inc., 148 F.3d 1206, 1217-18 (10th Cir. 1998). As the district court noted, the danger of unfair prejudice from an agency's finding of probable cause is greater in a jury trial than a bench trial, particularly where the EEOC is a party to the litigation. See Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1554 (11th Cir 1995). We find no abuse of discretion in the district court's ruling.

Finally, we address plaintiffs' claim that the district court erred in admitting testimony that Mr. Schmitz had consumed alcoholic beverages during

working hours. They assert that the evidence was inadmissible because defendant was unaware of it until after Mr. Schmitz was fired, so it could not have contributed to the decision to terminate his employment. Plaintiffs rely on the affidavit and testimony of Mr. Schmitz's supervisor who did not include alcohol use in his reasons for terminating Mr. Schmitz's employment. One of the stated reasons was complaints from employees under Mr. Schmitz's supervision. An employee testified that Mr. Schmitz had appeared at work intoxicated and unable to perform his duties. See R., vol. IV at 915-16. Other testimony was admitted to show that employees were dissatisfied with Mr. Schmitz's job performance. See, e.g., id., vol. IV at 953-54. The evidence was relevant to defendant's reasons for discharging Mr. Schmitz. Accordingly, we cannot say that the district court abused its discretion in admitting it. See Breeden v. ABF Freight Sys., Inc., 115 F.3d 749, 754 (10th Cir. 1997) (trial court's rulings to admit or exclude evidence reviewed for abuse of discretion). Plaintiffs claim of cumulative error must also fail. See Allen v. Minnstar, Inc., 97 F.3d 1365, 1374 (10th Cir. 1996) (finding no error; therefore, no cumulative error).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge