**John H. TOWNSEND, III, Plaintiff,**

v.

**KEMPER NATIONAL INSURANCE COMPANIES, Defendant.**

No. 98–2356–CM.

United States District Court,
D. Kansas,
Kansas City Division.

Feb. 16, 2000.

Scott A. McCreight, Steven M. Sprenger, Sprenger & McCreight, L.C., Kansas City, MO, for John H Townsend, III, plaintiff.

Paul R. Garry, Brett G. Rawitz, Michael I. Leonard, Bates, Meckler, Bulger & Tilson, Chicago, IL, Louis A. Huber, III, Schlee, Huber, McMullen & Krause, LLP, Kansas City, MO, for Lumbermens Mutual Casualty Company dba Kemper National Insurance Companies, defendant.

### *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Plaintiff John Townsend filed suit against defendant Kemper National Insurance Companies alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Specifically, plaintiff claimed that defendant demoted him and subsequently terminated his employment on the basis of his race. Following a trial on plaintiff's claims, the jury found in favor of defendant on plaintiff's claims. This matter is presently before the court on plaintiff's motion for a new trial (doc. # 89). In his motion, plaintiff asserts that a new trial is required because the court failed to instruct the jury that it could infer discriminatory intent from a showing of "pretext" and because the court permitted two witnesses to testify about the truthfulness of Bob Priest, a key decisionmaker. As set forth in more detail below, plaintiff's motion is denied.

### I. Plaintiff's Proposed Pretext Instruction

■ Plaintiff claims that the court erred in refusing to give his proposed instruction concerning the issue of pretext. The decision whether to give a particular instruction lies within the discretion of the trial court. *See Davoll v. Webb,* 194 F.3d 1116, 1131 (10th Cir.1999); *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 771 (10th Cir.1999). In analyzing a challenge to the court's instructions, the critical inquiry is whether, "as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." *Davoll,* 194 F.3d at 1131 (quoting *Allen v. Minnstar, Inc.,* 97 F.3d 1365, 1368 (10th Cir.1996)); *accord Coletti,* 165 F.3d at 771. The instructions as a whole need not be flawless but the court must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them. *Coletti,* 165 F.3d at 771; *Medlock v. Ortho Biotech, Inc.,* 164 F.3d 545, 552 (10th Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 48, 145 L.Ed.2d 42 (1999). If the charge as whole adequately states the law, the refusal to give a particular requested instruction is not grounds for ordering a new trial. *See Coletti,* 165 F.3d at 771.

■ Plaintiff maintains that the court's instructions to the jury were inaccurate and misleading because they did not instruct the jury that it could find in plaintiff's favor if it determined that defendant's proffered reasons for its employment decisions were false.[1] The Tenth Circuit, albeit in an un-

---

1. The specific instruction proposed by plaintiff

stated as follows: "You may find that plaintiff's

published opinion, has expressly rejected this argument and the court does so here. *See Calhoun v. Ball Corp.*, No. 95–1272, 1997 WL 292129, at *1 (10th Cir. June 3, 1997). While the court recognizes that citation to unpublished opinions remains unfavored, it concludes that the Circuit's decision in *Calhoun* is extremely persuasive because the Circuit specifically addressed the very issue presented here—whether the trial court erred in refusing to instruct the jury that it could find in plaintiff's favor if it determined that the defendant's proffered reasons for its employment decisions were false. *See id.* In reaching its conclusion that plaintiff's argument was "without merit," the Circuit reasoned that the *"McDonnell Douglas* burden shifting analysis is a tool the courts use in Title VII cases," but that the analysis drops out of consideration when the case is submitted to the jury on the merits. *See id.* (citing *Murray v. City of Sapulpa*, 45 F.3d 1417, 1421 (10th Cir.1995); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). At that point, as the Circuit emphasized, the trier of fact proceeds to decide the ultimate question— whether plaintiff has proven that the defendant intentionally discriminated against him because of his race. *See id.* (citing *St. Mary's Honor Ctr.*, 509 U.S. at 511, 113 S.Ct. 2742). Ultimately, although the Circuit agreed that the jury's rejection of the defendant's proffered reasons for its actions would have allowed the jury to infer the ultimate facts of intentional discrimination, it concluded that the instructions correctly conveyed the applicable law to the jury. *See id.* (citing *Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1549 (10th Cir.1987)).

The same conclusion is mandated here. The court's instructions correctly stated the law governing plaintiff's claims. More specifically, the instructions appropriately focused on the ultimate issue of whether plaintiff's race was a motivating factor in defendant's employment decisions. No more

is required. *See Ryther v. KARE 11*, 108 F.3d 832, 850 n. 15 (8th Cir.1997) (instructions incorporating the *McDonnell Douglas* paradigm "add little to the juror's understanding of the case"); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1350 (7th Cir.1995) ("[T]he only question the jury need answer ... is whether the plaintiff is a victim of intentional discrimination."). Plaintiff's motion for a new trial based on the court's failure to give the jury a "pretext" instruction is denied.

## II. Admission of Evidence About Mr. Priest's Character for Truthfulness

■ Plaintiff also contends that he is entitled to a new trial because the court permitted two witnesses to testify that they believed Bob Priest, the supervisor responsible for the decision to demote plaintiff, was a truthful person.[2] According to plaintiff, this evidence was highly prejudicial to plaintiff's case because it improperly bolstered Mr. Priest's credibility—an issue that was central to the resolution of plaintiff's claims. As set forth below, the court concludes that even if the admission of the evidence was error, such error was harmless.

■ A new trial based upon an erroneous evidentiary ruling is warranted only if that error prejudicially affected the substantial rights of a party. *See* Fed.R.Civ.P. 61; *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir.1998); *Webb v. ABF Freight System, Inc.*, 155 F.3d 1230, 1246 (10th Cir. 1998). Evidence admitted in error is prejudicial only if it can be reasonably concluded that "without such evidence, there would have been a contrary result." *Sanjuan*, 160 F.3d at 1296 (quoting *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993) (citing *Smith v. Atlantic Richfield Co.*, 814 F.2d 1481 (10th Cir.1987))).

The court cannot reasonably conclude that the jury would have returned a verdict for

race was a motivating factor in defendant's decision to demote or discharge plaintiff if it has been proved by the preponderance of the evidence that defendant's stated reason(s) for its decisions are not the true reasons, but are a 'pretext' to hide discriminatory motivation." The court declined to give this instruction to the jury.

2. According to plaintiff, the court's ruling was erroneous under Federal Rule of Evidence 608(a)(2), which provides that "evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

plaintiff in the absence of the testimony concerning Mr. Priest's character for truthfulness. Substantial evidence supported the jury's verdict. By contrast, although plaintiff presented a submissible case, his evidence was thin. In fact, plaintiff himself recognizes in his papers that he had only "one critical piece of evidence" linking defendant's employment decisions to his race— namely, the testimony of Linda Tobias that Mr. Priest, on one occasion, had become upset with an African–American secretary and allegedly stated, "What is it with these black people? They don't seem to want to work." Without exception, every other witness testified that they had never heard Mr. Priest make a racial remark during the thirty-plus years of his employment with defendant. As plaintiff apparently concedes, his entire case hinged on this one alleged statement. In such circumstances, it is unreasonable to believe that the testimony about Mr. Priest's character for truthfulness affected the jury's verdict.

Moreover, Mr. Priest testified extensively at trial. Thus, the jury had the opportunity to observe Mr. Priest's demeanor, to weigh his testimony and, ultimately, to assess his credibility. In that regard, the court specifically instructed the jury that "It is for you to determine the weight and credit to be given the testimony of each witness." *See* Instr. No. 19. The court further instructed the jury that

> You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of witnesses.... In weighing the testimony of the witnesses, you have a right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance, interest or want of interest in the outcome of the case and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth. If you believe that any witness has wilfully testified falsely as to any material fact you may disregard the whole or any part of his or her testimony, but you are not bound to

believe or disbelieve all the testimony of any witness. Conflicting testimony, if any there be, should be reconciled with truthfulness, if reasonably possible, but if you cannot do so, then you must use your best judgment in determining what testimony you will believe.

*See* Instr. No. 24. These instructions significantly undermine plaintiff's argument that the admission of evidence concerning Mr. Priest's character for truthfulness caused the jury to simply accept Mr. Priest's testimony as the truth without any independent analysis of the truthfulness of his testimony. *See Webb v. ABF Freight System, Inc.,* 155 F.3d 1230, 1247–48 (10th Cir.1998) ("A central assumption of our jurisprudence is that juries follow the instructions they receive.") (quoting *United States v. Castillo,* 140 F.3d 874, 884 (10th Cir.1998)).

Finally, the testimony concerning Mr. Priest's character for truthfulness was very brief. It consisted of only one question-and-answer exchange with each of the two witnesses. This limited testimony, amidst a week-long trial, does not merit ordering a new trial. *Compare McCue v. State of Kansas,* 165 F.3d 784, 790–91 (10th Cir.1999) (admission of character evidence about witness was harmless error in part because evidence "lasted for a few minutes of a week long trial") *with Sanjuan,* 160 F.3d at 1297 (granting new trial based on erroneous admission of hearsay evidence where the record reflected "substantial use of the hearsay evidence ... during the taking of evidence and during argument").

In short, plaintiff has not shown that the evidence, even if erroneously admitted, prejudicially affected his substantial rights. *See Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1518 (10th Cir.1995) ("[T]he burden of demonstrating that substantial rights were affected rests with the party asserting error.").[3] Plaintiff's motion for a new trial based on the court's evidentiary ruling is denied.

---

3. The court notes that plaintiff's counsel, on redirect, asked each of the two witnesses about plaintiff's character for truthfulness. Both witnesses testified that they believed plaintiff was a truthful person.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for a new trial (doc. # 89) is **denied.**

IT IS SO ORDERED.