BRORBY, Senior Circuit Judge,
dissenting.
I respectfully dissent.
I agree with the majority’s well-reasoned analysis concluding the jury could infer discrimination if it found Kemper’s offered reasons for demoting and firing Mr. Townsend were simply a pretext for discrimination. I do not, however, agree the district court committed reversible error in refusing to give the requested pretext instruction. Instead, I conclude, although a pretext instruction would have been allowable, the district court did not commit reversible error in leaving the task of describing possible inferences to Mr. Townsend’s counsel.
Conducting a de novo review of the jury instructions as a whole, we should reverse only if we have “ ‘substantial doubt that the jury was fairly guided.’ ” United States v. Guidry, 199 F.3d 1150, 1156,(10th Cir.1999) (quoting United States v. Winchell, 129 F.3d 1093, 1096 (10th Cir.1977)). “[T]he exclusion of one correct statement of law does not necessarily constitute error. Rather, the instructions as a whole need only convey a correct statement of applicable law.” National Envtl. Serv. Co. v. Ronan Eng’g Co., 256 F.3d 995, 1004 (10th Cir.2001) (quotation marks and citation omitted). “In considering the instructions on appeal, we take into account all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way.” Id. (quotation marks and citation omitted).
When, as here, the requested instruction concerns permissible rather than obligatory inferences to be drawn from the evidence, I see little need for a jury instruction. Equal Employment Opportunity Comm’n v. Loral Aerospace Corp., No. 97-2333,1998 WL 769820, at *1 (10th Cir. Oct. 29.1998);[1] Gehring v. Case Corp., 43 F.3d 340, 343 (7th Cir.1994), cert. denied, 515 U.S. 1159, 115 S.Ct. 2612, 132 L.Ed.2d 855 *1245 (1995). “Many an inference is permissible.” Gehring, 43 F.3d at 343. Instead, the task of describing possible inferences can be left to counsel. Id. (“Rather than describing each [possible inference], the judge may and usually should leave the subject to the argument of counsel.”). See also Moore v. Robertson Fire Prot. Dist., 249 F.3d 786, 791 (8th Cir.2001) (finding it significant “although the District Court elected not to submit a pretext instruction, it in no way prevented [plaintiff] from presenting his pretext arguments to the jury”); Palmer v. Board of Regents of Univ. Sys. of Ga., 208 F.3d 969, 975 (11th Cir.2000) (holding district court did not commit reversible error in refusing to submit a pretext instruction when “[b]oth sides presented and argued their cases with a correct understanding of the law”).
I recognize the Supreme Court has held, in some circumstances, arguments of counsel are not an adequate substitute for jury instructions. See Carter v. Kentucky, 450 U.S. 288, 304, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981) (“The other trial instructions and arguments of counsel that the petitioner’s jurors heard at the trial of this case were no substitute for the explicit instruction that the petitioner’s lawyer requested.”); Taylor v. Kentucky, 436 U.S. 478, 488-89, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978) (“[Arguments of counsel cannot substitute for instruction by the court.”). While the language of these cases seems powerful, the Supreme Court does sometimes allow argument from counsel in the place of a jury instruction. See Shafer v. South Carolina, 532 U.S. 36, 39, 121 S.Ct. 1263, 149 L.Ed.2d 178 (2001) (quoting Ramdass v. Angelone, 530 U.S. 156, 165, 120 S.Ct. 2113, 147 L.Ed.2d 125 (2000)) (holding when “a capital defendant’s future dangerousness is at issue, and the only sentencing alternative to death available to the jury is life imprisonment without possibility of parole, due process entitles the defendant ‘to inform the jury of [his] parole ineligibility, either by a jury instruction or in arguments by counsel.’ ” (Emphasis added.)).
I believe Carter and Taylor are not applicable here because they involve obligatory inferences — or more accurately, obligatory non-inferences. In Taylor, the Supreme Court held a trial court, when asked by a criminal defendant, must instruct the jury the defendant is innocent until proven guilty.[2] Taylor, 436 U.S. at 490, 98 S.Ct. 1930. Similarly, Carter held the trial court, upon request, must instruct jurors they may not draw adverse inferences from the fact the criminal defendant did not testify at trial. Carter, 450 U.S. at 305, 101 S.Ct. 1112. In contrast, the case before us involves a permissive inference.
There are two reasons a trial court should treat requests for jury instruction on obligatory inferences differently from requests for jury instruction on permissive inferences. First, because there are a finite number of obligatory inferences, there is little danger trial courts will be burdened with excessive, time-consuming requests for these instruction. Further, there is little likelihood the meat of the jury instructions will be diluted. In contrast, there are a nearly infinite number of permissive inferences. See Gehring, 43 F.3d at 343. If judges are required to give jury instruction on all permissive inferences, drafting jury instructions could become a drain on judicial resources. In *1246 addition, numerous jury instructions might distract jurors from their principle obligations. See Fuller v. Phipps, 67 F.3d 1137, 1141 (4th Cir.1995) (“Simple instructions are normally to be preferred in order not to inject needless complexity and potential confusion where simplicity is far more appropriate.”); Achor v. Riverside Golf Club, 117 F.3d 339, 340 (7th Cir.1997) (holding an instruction telling jurors “you must decide whether Defendant would have fired Plaintiff had he [not been in a protected class] and everything else had remained the same” was sufficient because it “framed the only important question, making the remaining instructions otiose.”). Second, obligatory inferences by their nature, involve clear-cut application of law to the facts. For this reason, there is little danger a obligatory inference instruction will create unfair bias in favor of the party requesting the instruction. Permissive inferences, on the other hand, are not clear-cut. For this reason, parties may argue over the wording of any instruction. See id. (“Long instructions also set up the possibility of disagreements over matter that may be terminological but could be substantive.”). As in this case, each party may propose a jury instruction most favorable to its case. Rather than merely restating counsel’s argument, jury instructions should be a neutral statement of the law. See Chums, Ltd. v. Snugz/ USA Inc., No. 94-4109, 1995 WL 503975, at *2 (Aug. 25, 1995).[3] In some instances, a facially neutral permissive inference instruction might' draw unwarranted attention to a small portion of the evidence presented at trial or mislead the jury as to the applicable law. Cf., Cassino v. Reichhold Chem., Inc., 817 F.2d 1338, 1344 (9th Cir.1987) (“To instruct on pretext ... might mislead the jury to believe that the plaintiff must prove that the employer’s stated nondiscriminatory reason was false.”). Therefore, a trial court should, after considering counsels’ arguments and all that has taken place at trial, be able to refuse to offer a permissive inference instruction. This is not to say it would never be error for a trial court to refuse a permissive inference instruction. However, in determining whether a trial court has committed reversible error, I believe we should ask whether there was any jury confusion given the events at trial. We should not reverse unless the instructions, in light of all that has taken place at trial, misled the jury in any way.
In this case, Mr. Townsend’s counsel went to great lengths to explain the substance of his requested pretext instruction. Throughout the trial, Mr. Townsend’s counsel told the jury it should not believe Kemper’s offered reasons for firing and demoting Mr. Townsend, but should instead conclude Kemper was lying to cover up racial discrimination. During opening argument, Mr. Townsend’s counsel was not allowed to tell the jury what conclusions they should draw from the evidence. Instead, he told the jurors to ask themselves: “Is this witness’ testimony consistent with documents or prior statements? ... What do I think really happened?” He then promised the jury “[a]t the end of the case, after you’ve examined the evidence with the eyes and the ears of a detective, you’ll be ready to decide that if what we said took place is more likely than not what actually happened.”
Mr. Townsend’s counsel offered an even more aggressive closing argument. He told the jury it should return a verdict for Mr. Townsend because of “Kemper’s repeated lies concerning its reasons for demoting and terminating [Mr. Townsend].” Citing the jury instructions, Mr. Townsend’s counsel explained to the jury in discrimination cases “circumstantial evi *1247 dence is going to be almost the whole case.” He then told the jury: “[Y]ou can use your own common sense. And if from your common sense you know someone gives you a reason and you doubt that reason and you investigate it and find that they’re not telling the truth, then they’re trying to cover something up.” He then vigorously argued Kemper was lying, calling Kemper’s explanation for firing Mr. Townsend “100% fiction” and “a whopper.” Commenting further on Kemper’s explanation he argued, “[i]t smells from the very beginning, it’s contrary to common sense, there is a hidden agenda there and it’s an unlawful one.” He concluded by stating one of Kemper’s witnesses “was here to stretch the truth and he stretched the truth beyond the breaking point.”
Given this extensive argument, I believe the jurors knew they could infer discrimination if they thought Kemper’s explanation was a pretext for discrimination. Thus, the jury instructions did not need to contain a pretext instruction to ensure the jury was adequately instructed and was not “misled in any way.” Ronan Eng’g, 256 F.3d at 1004.
In this case, the majority favors reversal because pretext “is a difficult matter for courts.” Consequently, the majority thought the danger was “too great” a jury might conclude the “rejection of an employer’s proffered explanation could not, by itself, suffice to show discriminatory motive.” See also Smith v. Borough of Wilkinsburg, 147 F.3d 272, 281 (3d Cir.1998) (“Without a charge on pretext, the course of the jury’s deliberations will depend on whether the jurors are smart enough or intuitive enough to realize [they may infer discrimination from pretext].”). I find this reasoning unpersuasive. While the question of how much weight should be given to evidence of pretext in discrimination cases has proven thorny for legal professionals, I doubt the jury viewed this case as anything more than a trial to decide which party was telling the truth.
Jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might. Differences among them in interpretation of instructions may be thrashed out in the deliberative process, with commonsense understanding of the instructions in the light of all that has taken place at the trial likely to prevail over technical hairsplitting.
Boyde v. California, 494 U.S. 370, 380-81, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). Neither Mr. Townsend nor the majority have pointed to any instruction that might have led the jury to believe they were not allowed to infer discrimination from pretext. If a question had arisen over whether the inference of discrimination was permissible, jurors would have used their common sense and evaluated the instructions in light of arguments Mr. Townsend’s counsel offered at trial. Thus, I conclude there is little chance the jury misunderstood the law.
In addition, I note the majority has chosen to follow a rule endorsed by only two of our sister circuits. Smith, 147 F.3d at 280 (holding pretext instruction is required); Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir.) (explaining, in dicta, the district court needs to give the jury a pretext instruction), cert. denied, 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994). In contrast, four circuits appear to believe a pretext instruction is unnecessary. Palmer, 208 F.3d at 974-75 (holding district court’s failure to give a pretext instruction was not reversible error); Gehring, 43 F.3d at 343 (holding pretext instruction was unnecessary); Moore, 249 F.3d at 790 n. 9 (“We do not express any view as to whether it ever would be reversible error for a trial court to fail to give a pretext instruction, though we tend *1248 to doubt it.”); Fite v. Digital Equip. Corp., 232 F.3d 3, 7 (1st Cir.2000) (“While permitted, we doubt that [a pretext instruction] is compulsory, even if properly requested.”).
Furthermore, the majority opinion also conflicts with our unpublished opinion in Calhoun v. Ball Corp., No. 95-1272, 1997 WL 292129 (10th Cir. June 3), cert. denied, 522 U.S. 955, 118 S.Ct. 380, 139 L.Ed.2d 296 (1997). Although Calhoun is an unpublished decision and therefore not binding precedent, I consider it useful in this case. See Tenth Circuit Rule 36.3(A), (B). The majority faults the Calhoun panel because it “did not consider this court’s prior opinion in Randle v. City of Aurora, which held that ‘discriminatory animus may be inferred from the simple showing of pretext.’” See Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir.1995). Because Randle was an appeal from summary judgment, it did not address whether a pretext jury instruction is permissive or obligatory. Id. at 452. It is true Calhoun never cites Randle. However, a close reading shows the Calhoun panel understood the legal principle in Randle. In Calhoun, the court held “[although the jury’s rejection of [the defendant’s] proffered reasons for its actions would have allowed [the jury] to infer the ultimate facts of intentional discrimination or retaliation, we believe the instructions correctly conveyed the applicable law to the jury.” Calhoun, 1997 WL 292129, at *1. I therefore see little reason to disregard Calhoun’s holding.
In sum, I believe the jury was adequately instructed on the applicable law. The district court should not be required to catalogue permissible inferences that might be drawn from the evidence. This task can be easily accomplished by counsel, as demonstrated in this case. I therefore dissent.

. While Loral Aerospace is not binding precedent, I find it persuasive and cite it in accordance with Tenth Circuit Rule 36.3(B).

. The presumption of innocence is not "technically a 'presumption'' — a mandatory inference drawn from a fact in evidence. Instead, it is better characterized as an 'assumption' that is indulged in the absence of contrary evidence.” Taylor, 436 U.S. at 483 n. 12, 98 S.Ct. 1930. This distinction is, however, of minor importance in the case before us. Whether the presumption is an inference or an assumption, the presumption is mandatory. The jury must begin with a presumption of innocence.

. I cite Chums in accordance with Tenth Circuit Rule 36.3.