**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HENRIETTA BROWNING,
          *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF TREASURY; UNITED STATES INTERNAL REVENUE SERVICE; HENRY M. PAULSON, JR.,* Secretary of the Department of the Treasury,

          *Defendants-Appellees.*

No. 07-35557

D.C. No.
CV-05-01471-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
March 3, 2009—Portland, Oregon

Filed May 22, 2009

Before: Susan P. Graber, Raymond C. Fisher and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Fisher

---

*Henry M. Paulson, Jr. is substituted for his predecessor, John W. Snow, as Secretary General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

## COUNSEL

Beth Creighton (argued), Zan Tewksbury, Steenson, Schumann, Tewksbury, Creighton & Rose, Portland, Oregon, for the plaintiff-appellant.

Karin J. Immergut, United States Attorney, Kelly A. Zusman (argued), Assistant United States Attorney, Portland, Oregon, for the defendants-appellees.

## OPINION

FISHER, Circuit Judge:

We address the issue of whether a district court's refusal to give a permissive jury instruction regarding pretext in an employment discrimination case is reversible error.[1] We reaffirm that so long as the jury instructions set forth the essential elements that the plaintiff must prove, a district court does not

---

[1]Browning also appeals several evidentiary rulings, which we address in a concurrently filed memorandum disposition.

abuse its discretion in declining to give an instruction explicitly addressing pretext.

## I.

Henrietta Browning has worked at an Internal Revenue Service call center in Portland, Oregon, since 1989. In 1998, she was temporarily promoted to the position of team leader, assuming responsibility for the supervision of a group of employees. The following year, incoming operations manager Gloria Candanoza made Browning's promotion permanent. After Browning transferred from the night shift to the day shift in 2002, she was supervised by department manager Art Ayotte.

As a team leader, Browning was required to monitor a certain number of the calls performed by each employee on her team each month, write a detailed critique of the call and enter the review into a computerized database. Team leaders were also each assigned responsibility for an "application" (a distinct area of tax law) and expected to similarly monitor employees' performance regarding that application. In 2003, Ayotte's performance evaluation for Browning rated her as not having met expectations because she had failed to complete the required number of phone reviews, and Browning was placed on a 60-day performance improvement plan ("PIP") to address her shortcomings. Browning met with Ayotte weekly during the course of her PIP and believed she was on pace to satisfactorily complete the PIP requirements. At the end of her PIP, however, Ayotte concluded that Browning still had not completed the required number of phone reviews for employees within her application or submitted requisite employee security reviews, and recommended that Browning be demoted. Browning contested the demotion, but — although a labor relations specialist agreed a miscommunication was responsible for Browning's failure to complete one element of her PIP requirements — the rest of her objections were found not to be valid and Browning was demoted.

Browning was reassigned to her former position as a taxpayer service specialist.

## II.

In November 2003, Browning filed a complaint with the Equal Employment Office alleging racial discrimination and retaliation for a prior EEO complaint that Browning had brought against another supervisor. After the EEO investigation found no discrimination had occurred, Browning filed this lawsuit in federal district court alleging racial discrimination and retaliation. At the close of trial, Browning requested that the following instruction be given to the jury:

> Consistent with the general principle of law that a party's dishonesty about a material fact may be considered as affirmative evidence of guilt, if you find that the defendants' explanation about why they took adverse action against a plaintiff is not worthy of belief, you may infer a discriminatory or retaliatory motive from that fact.

She based her proposed instruction on a passage in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000), which held:

> In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt."

The district court refused to give the requested instruction. Browning now appeals, arguing that the refusal to give a per-

missive pretext instruction was reversible error. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

### III.

Jury instructions are reviewed for an abuse of discretion. *See Thorsted v. Kelly*, 858 F.2d 571, 573 (9th Cir. 1988). We consider the jury instructions as a whole and evaluate whether they were misleading or inadequate, *see Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir 2001), and whether any error was harmless, *see Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001).

**[1]** In *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338 (9th Cir. 1987), we held that refusal to give a permissive pretext jury instruction was not reversible error. Cassino sued his employer, Reichhold Chemicals, for age discrimination. Reichhold requested the following instruction: "So long as Reichhold states a legitimate reason for the discharge of Mr. Cassino, Mr. Cassino has the burden of proving that his age was a determining factor in Reichhold's decision and that Reichhold's stated reason was merely a pretext for discrimination." *Id.* at 1344. The district court refused and gave only the following instructions:

> 1. [Cassino] belongs to a protected group.
>
> 2. He was the subject of age discrimination, and but for his age, he would not have been terminated by [Reichhold].
>
> 3. [Reichhold] intentionally discriminated against [Cassino] because of his age.
>
> 4. That as a direct proximate result of such age discrimination, [Cassino] sustained damages.

*Id.* The jury found in favor of Cassino. *See id.* at 1342. We held that the refusal to give Reichhold's proposed instruction was appropriate:

> The jury was instructed that it was Cassino's burden to prove that he would not have been fired "but for his age." Because the instructions reviewed as a whole set forth the essential elements that Cassino had to prove in order to prevail, the court did not err in refusing to give Reichhold's proposed pretext instructions.

*Id.* at 1345; *see also Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1441 (9th Cir. 1990) (holding two jury instructions that "read together clearly state that the existence of a legitimate basis for terminating [an employee] would not save [the employer] if the retaliatory motive was the 'but for' cause of his discharge" were "an adequate statement of the law as it applies to pretext cases" and did not require separate pretext instruction).

**[2]** In the years since *Cassino*, a circuit split has emerged on the question of permissive pretext instructions.[2] Analysis of discrimination claims has also evolved since *Cassino* was decided in 1987. We see no reason, however, to depart from *Cassino*'s basic holding that if the jury instructions set forth the essential elements the plaintiff needs to prove, the district court's refusal to give an instruction explicitly addressing pretext is not reversible error.

---

[2]*Compare Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232 (10th Cir. 2002), *and Ratliff v. City of Gainesville*, 256 F.3d 355 (5th Cir. 2001), *and Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998), *and Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994), *with Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228 (11th Cir. 2004) (holding permissive pretext instruction is not required), *and Moore v. Robertson Fire Prot. Dist.*, 249 F.3d 786 (8th Cir. 2001), *and Fite v. Digital Equip. Corp.*, 232 F.3d 3 (1st Cir. 2000), *and Gehring v. Case Corp.*, 43 F.3d 340 (7th Cir. 1994).

Here, the district court gave the following instructions regarding the reasons the IRS demoted Browning:

> In the plaintiff's first claim, she contends that her race was a motivating factor in the defendants' allegedly discriminatory conduct towards her. In her second claim, she contends the fact that she complained about discrimination in the workplace was a motivating factor in the defendants' allegedly retaliatory conduct toward her.
>
> . . .
>
> Now, in order to prevail on her first claim for race discrimination, the plaintiff must prove the defendants took certain actions against her and that the plaintiff's race was a motivating factor in the defendants taking the action.
>
> In particular, the plaintiff must prove . . . that her race was a motivating factor in the defendants' conduct.
>
> . . . .
>
> In order to prevail on her second claim for retaliation, the plaintiff must prove the defendants took certain actions against her because she complained about race discrimination in the workplace. In particular, the plaintiff must prove . . . that her protected activity was a motivating factor in the defendants' conduct.

The district court defined "motivating factor" as "a factor that played a role in the decisions" of Candanoza or Ayotte. The court also instructed the jury that it should "weigh and evaluate the testimony and the credibility of each witness" and that it should consider both direct and circumstantial evidence

(after explaining both concepts). The court told Browning that, although it would not give her requested pretext instruction, she was free to explain to the jurors that they could find the IRS's reasons for firing her to be pretextual and infer an unlawful motive. Specifically, the court said:

> I'm mindful of Ninth Circuit authority that cautions trial judges against giving any kind of inference instruction, and I'm mindful of the risk that an inference instruction can be seen as potentially a comment on the evidence; and so I'm not inclined to give any permissive inference instruction and instead to permit counsel full latitude to argue inferences, based on a circumstantial evidence instruction.

Apparently in response to the court's offer, Browning subsequently argued to the jury that "if you don't believe the IRS witnesses, then you have the right to find for Ms. Browning." Although cursory, Browning's argument advised the jury that if it did not believe the IRS's justifications for Browning's demotion, it could find in her favor.

[3] In sum, the district court's jury instructions "set forth the essential elements that [Browning] had to prove in order to prevail," and Browning was free to explain those elements to the jury in order to make clear that finding the IRS's proffered reasons for Browning's demotion pretextual could justify the jury finding the IRS had discriminated against Browning. *Cassino*, 817 F.2d at 1345; *cf. Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1235 (11th Cir. 2004) ("The charge to the jury gave instructions on drawing inferences from the evidence and weighing the credibility of witnesses. This was sufficient to allow the jury to find discrimination or retaliation so long as they disbelieved Abraham Chevrolet's explanation for Conroy's termination. We also find it significant that Conroy's counsel made good use of his opportunity to argue pretext to the jury in closing state-

ments . . . ."). The district court did not abuse its discretion in rejecting Browning's more explicit pretext instruction.

**AFFIRMED.**