NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD ALVARADO; JOHN
AZZAM; TANDA BROWN; BERTHA
DUENAS; PERNELL EVANS;
CHARLES GIBBS; JANICE LEWIS;
MARIA MUNOZ; KEVIN NEELY;
LORE PAOGOFIE; DYRONN
THEODORE; LASONIA WALKER;
CHRISTOPHER WILKERSON,

Plaintiffs,

and

CHARLOTTE BOSWELL,

Plaintiff - Appellee,

v.

FEDERAL EXPRESS CORPORATION, a
Delaware corporation, DBA Fedex
Express,

Defendant - Appellant.

No. 08-15935

D.C. No. 3:04-cv-00098-SI

MEMORANDUM [*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

EDWARD ALVARADO; JOHN
AZZAM; TANDA BROWN; BERTHA
DUENAS; PERNELL EVANS;
CHARLES GIBBS; JANICE LEWIS;
MARIA MUNOZ; KEVIN NEELY;
LORE PAOGOFIE; DYRONN
THEODORE; LASONIA WALKER;
CHRISTOPHER WILKERSON,

Plaintiffs,

and

CHARLOTTE BOSWELL,

Plaintiff - Appellant,

v.

FEDERAL EXPRESS CORPORATION, a
Delaware corporation, DBA Fedex
Express,

Defendant - Appellee.

No. 08-16088

D.C. No. 3:04-cv-00098-SI

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

2

Defendant Federal Express Corporation ("FedEx") appeals the judgment entered for plaintiff Charlotte Boswell following a jury trial on her hostile work environment, retaliation, and constructive discharge claims. Boswell cross-appeals the district court's post-trial decision capping the punitive damages award at $300,000. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the judgment with the exception of the punitive damages award, and reverse and remand for a new trial on punitive liability and damages.

FedEx argues that it is entitled to judgment as a matter of law because Boswell's complaint did not explicitly enumerate claims of sexual harassment, retaliation, and constructive discharge. We hold that the district court did not abuse its discretion in holding that Boswell could try these claims. As Federal Rule of Civil Procedure 15(b)(2) makes clear, the failure to formally amend a complaint is not fatal. Because FedEx had notice of Boswell's theory, addressed the merits of the claims in its summary judgment motion filed a year before the scheduled trial date, and did not raise objections until one week before the scheduled trial date, it impliedly consented to an effective amendment of the complaint and trial on the claims. *See Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1235 n.2 (9th Cir. 2009); *Hernandez-Loring v.*

3

*Universidad Metropolitana*, 233 F.3d 49, 51 n.1 (1st Cir. 2000); *Price v. Kramer*, 200 F.3d 1237, 1249-50 (9th Cir. 2000).

FedEx appeals the district court's failure to give business judgment and reasonable person instructions. FedEx contends that a business judgment instruction was needed to prevent the jury from second guessing FedEx's personnel decisions. We disagree. "[I]f the jury instructions set forth the essential elements the plaintiff needs to prove, the district court's refusal to give an instruction explicitly addressing pretext is not reversible error." *Browning v. United States*, 567 F.3d 1038, 1041 (9th Cir. 2009). The district court properly instructed the jury on the elements of the sexual harassment hostile work environment claim. The instructions given would not have permitted the jury to find for Boswell based merely upon finding that FedEx made an error in judgment, but only if it found that she was subjected to discrimination. Nor did the district court abuse its discretion in instructing the jury that Boswell needed to prove that "a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile." We have adopted a "reasonable woman" standard for hostile work environment sexual harassment claims brought by female plaintiffs. *See Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991). There was no error in the straightforward instruction given, which separately identified the

plaintiff's need to prove the subjective and objective components of her claim. Nor was there any need to further elaborate on the "reasonable woman standard" in order for the jury to be able to apply it.

FedEx also challenges various aspects of the district court's management of the case and trial. We reject these challenges. The district court did not abuse its discretion in refusing to let FedEx question Boswell about the absence of certain allegations in her complaint. Given that the case had evolved significantly since the complaint was filed, the district court was appropriately concerned about confusion and unfair prejudice. FedEx suffered no prejudice, as FedEx's counsel was permitted to read relevant paragraphs of the complaint to the jury, highlighting that Boswell's original claims, focused largely on race, were different than those ultimately tried.

Nor did the district court abuse its discretion in admitting the testimony of two of Boswell's co-workers regarding the sexual harassment they experienced at the hands of the same perpetrator. "The sexual harassment of others, if shown to have occurred, is relevant and probative of [defendant's] general attitude of disrespect toward his female employees, and his sexual objectification of them." *Heyne v. Caruso*, 69 F.3d 1475, 1479-81 (9th Cir. 1995). The co-workers' testimony also corroborated Boswell's testimony about her supervisor's actions

5

towards her, and provided evidence of the supervisor's retaliatory motive towards female employees who did not submit to his advances.

As for the request to interview class members, the district court may not have had the authority to *bar* interviews, *see Wharton v. Calderon*, 127 F.3d 1201, 1204 (9th Cir. 1997), but FedEx was not entitled to the requested order *allowing* it to interview class members. Class counsel in *Satchell*, who represented the class members in their own discrimination claims against FedEx, refused to consent. Since the class members would have had the right to refuse to talk to FedEx in any case, their attorneys had the right to refuse on their behalf.

FedEx also argues that substantial evidence did not support the verdict. We disagree. We may only overturn the verdict "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). Whether there is a sexually hostile work environment is determined by looking at the totality of the circumstances. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). Boswell presented evidence that her supervisor attempted to kiss and hug her and other female employees at every mandatory meeting, which took place as often as weekly when Boswell was a full-time employee. The unwelcome "chest to breast" hugs made

6

Boswell feel embarrassed and humiliated, and the jury could conclude that a reasonable woman in Boswell's position would have felt the same way. Finally, testimony about favoritism shown to employees who did cooperate, dual standards for taking breaks and vacation time, and her supervisor's bizarre behavior after Boswell's employment ended support a finding that the environment unreasonably interfered with Boswell's work performance.

As for the retaliation claim, there was testimony that Boswell told her supervisor and her supervisor's supervisor that she objected to the kissing and hugging. Protected activity includes opposing a practice reasonably believed to be unlawful, including making an informal complaint to a supervisor. *See* 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006); *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006); *Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000). Boswell offered evidence of a number of allegedly retaliatory acts: delays in receiving her paychecks on multiple occasions; the denial of personal time; criticisms of her performance by her supervisor; condoned yelling at her by coworkers; her shift change; and ultimately her forced resignation. A jury could conclude that these actions, taken in their totality, would dissuade a reasonable worker from making or supporting a charge of discrimination. *See Burlington Northern*, 548 U.S. at 57, 68-69. As for causation, although there was

7

conflicting evidence whether her supervisor had any responsibility for Boswell's shift change, the jury could have concluded that he did, and also that the various adverse actions commenced soon after Boswell complained. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008).

As for Boswell's constructive discharge claim, we conclude for similar reasons that the jury's verdict was supported by substantial evidence. Boswell resigned because her shift had been changed to a time she could no longer make. Although the overall shift schedule may have been changed for legitimate business reasons, a rational jury could still conclude that a reasonable person in Boswell's position would have felt compelled to resign. She had complained about her supervisor's conduct and her conditions of employment had only worsened; her efforts to discuss the shift change or obtain another shift were entirely rebuffed; and there was evidence she was singled out for harsh treatment.

***

Both parties challenge the punitive damages award. FedEx argues that the failure of the district court to instruct on a good faith affirmative defense, and the failure to instruct the jury on a "clear and convincing" standard on the state claim, requires reversal. (FedEx does not make entirely clear whether it challenges the lack of an affirmative defense instruction on the federal and state law claims, or

8

just the federal law claim. Because on appeal it cites only caselaw interpreting Title VII, we consider the argument to be restricted to the federal law claim.) Boswell takes no position on the propriety of the jury instructions on the state claim but argues that the district court erred in reducing her punitive damages award to $300,000 without awarding her a new trial on her state claim. We sustain these challenges and reverse and remand for a new trial on punitive liability and damages.

The district court rejected FedEx's request that the jury be instructed that FedEx would not be liable for punitive damages if the jury found that FedEx engaged in good faith efforts to implement company policies prohibiting and addressing sexual harassment and retaliation in the workplace. "[I]n the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where those decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999) (citation omitted). In *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 516-17 (9th Cir. 2000), we explained that a defendant has an affirmative defense to punitive damages stemming from an action taken by a "managerial" employee when the defendant has in good faith implemented a bona fide policy against discrimination.

9

Where, on the other hand, the agent is "sufficiently senior," he must be treated as the corporation's proxy for purposes of liability and the affirmative defense is unavailable. *Id.* Although FedEx's proposed instruction may not have been a completely accurate statement of the law, the district court was not thereby relieved of the obligation to instruct accurately on this topic. *See Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1017 (9th Cir. 2007).

FedEx also objects that the district court failed to instruct the jury on the state law clear and convincing evidence standard. As the district court acknowledged in its post-trial ruling, its failure to do so was error, since punitive damages awards on state law claims are subject to state law standards, including, in this case, the clear and convincing standard. Even assuming the district court had properly instructed on the federal law claim, applying the Title VII cap to the punitive award could not cure this error, because doing so effectively eliminated Boswell's state law claim for punitive damages, which was not subject to a statutory cap.

Because we cannot say that "it is more probable than not that the jury would have reached the same verdict had it been properly instructed," these instructional errors require us to reverse the award of punitive damages on both the federal and

10

state law claims. *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009); *see Dang v. Cross*, 422 F.3d 800, 811-12 (9th Cir. 2005).

Because we have affirmed the jury's verdict and award of compensatory damages, we remand for a new trial solely on the state and federal law claims for punitive liability and damages. We reject FedEx's contention that punitive damages may not be tried separately once compensatory damages have been established. *See Merrick*, 500 F.3d at 1018. We do not reach the question of whether the first and second line managers whose conduct is at issue in this case are "managerial" or sufficiently senior to be treated as FedEx's proxy, leaving that to the district court on remand. Finally, we note that the Title VII damages cap of $300,000 applicable to large employers includes the combined sum of future pecuniary losses, emotional damages, nonpecuniary losses, *and* punitive damages, but not back pay or other equitable relief. *See* 42 U.S.C. §§ 1981a(b)(2)-(3), 2000e-5(g).

Boswell may, of course, elect to pursue only her federal or state law claims on remand, and we leave it to the district court to shape the proceedings accordingly. We suggest that if Boswell elects to pursue punitive damages under both federal and state law, that the district court instruct the jury to return separate verdicts after instructing it as to the differing law applicable to each. We suggest,

11

further, that the district court give appropriate instructions on the issue of whether, or to what degree, punitive damage awards under federal and state law may be cumulative.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.  Each party to bear its own costs on appeal.