**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ALVARADO, | No. 08-15940 |
| Plaintiff - Appellee, | D.C. No. 3:04-cv-00098-SI |
| and | |
| JOHN AZZAM; CHARLOTTE BOSWELL; TANDA BROWN; BERTHA DUENAS; PERNELL EVANS; CHARLES GIBBS; JANICE LEWIS; MARIA MUNOZ; KEVIN NEELY; LORE PAOGOFIE; DYRONN THEODORE; LASONIA WALKER; CHRISTOPHER WILKERSON, | MEMORANDUM [*] |
| Plaintiffs, | |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, DBA Fedex Express, | |
| Defendant - Appellant. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 12, 2010

San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Defendant-appellant Federal Express Corporation ("FedEx") appeals the district court's entry of an amended judgment for plaintiff-appellee Edward Alvarado. We affirm.

We review de novo the district court's denial of FedEx's motion for judgment as a matter of law. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). Alvarado introduced evidence from which the jury could reasonably conclude that he suffered a materially adverse employment action and that there was a causal connection between his complaints and the adverse employment action.

The district court did not abuse its discretion in ordering remittitur as accepted by Alvarado in lieu of a new trial. The district court's order of remittitur was consistent with the evidence at trial and an appropriate exercise of the court's discretion.

We reject FedEx's additional claims of error. First, the district court did not abuse its discretion in allowing testimony regarding other employees' claims of discrimination and retaliation. The testimony was relevant to rebut FedEx's proffered reasons for the adverse employment actions, *see Heyne v. Caruso,* 69 F.3d 1475, 1481-82 (9th Cir. 1995), and did not prejudice FedEx. Second, the district court did not abuse its discretion in admitting testimony regarding the racial slur allegedly made by senior manager Aaron Holstein. The testimony was very limited and did not unfairly prejudice FedEx. Third, the district court did not abuse its discretion in denying FedEx's request with regard to interviewing *Satchell* class members. Class counsel in *Satchell* had the right to refuse to consent to interviews on his clients' behalf, and the district court was not required to order that FedEx be permitted to conduct interviews. FedEx has not demonstrated what testimony the witnesses would have provided to support its defense. Even if the district court erred, FedEx has not shown prejudice.

The district court did not abuse its discretion in refusing to give a jury instruction on the business judgment rule. The jury instructions set forth the essential elements Alvarado needed to prove his retaliation claim. *See Browning v. United States*, 567 F.3d 1038, 1041 (9th Cir. 2009).

**AFFIRMED.**

3