**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Global BTG LLC, a Nevada limited liability company with a principal place of business in California, | No. 14-55574 |
| | D.C. No. 2:11-cv-01657-JGB-JCG |
| Plaintiff-counter-defendant - Appellee, | MEMORANDUM* |
| v. | |
| National Air Cargo, Inc., a New York corporation registered to do business in California, | |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted April 8, 2016
Pasadena, California

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **     The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Before: FARRIS, SENTELLE[**], and M. SMITH, Circuit Judges.

National Air Cargo, Inc. ("National") appeals from a judgment based on a jury verdict awarding $8 million to Plaintiff-Appellee Global BTG LLC ("Global"), on its claim that National breached an exclusive letter of intent (the LOI) to finance several commercial airplanes.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We note at the outset that as the district court properly observed, under the parties' choice of law provision in the LOI, the law of the State of New York governs.

**1.** We review partial grants of summary judgment decisions de novo. *Balvage v. Ryderwood Improvement & Serv. Ass'n*, 642 F.3d 765, 775 (9th Cir. 2011). The LOI at issue does not contain an exclusivity clause, and such an absence does not make a contract non-exclusive under New York law. For instance, the court in *Headwell v. Sandler*, 46 A.D.2d 584, 587 (N.Y. App. Div. 1975), found that an agreement to sell the plaintiff the rights to eleven transceiver licenses was ambiguous as to exclusivity — even though it did not contain an exclusivity provision — because the agreement could be interpreted to confer an exclusive right to specific transceivers in the country. *See also, e.g., Dontech, Inc. v. York Int'l Corp.*, No. 96 Civ. 4264

(JSM), 1998 WL 171455, *1 (S.D.N.Y. Apr. 14, 1998); *Wyndham Co. v. Wyndham Hotel Co.*, 596 N.Y.S.2d 655, 661 (N.Y. Sup. Ct. 1992).

National contends that silence amounts to no contractual right to exclusivity in this case. We disagree. Despite the silence, the terms of the LOI could have created an exclusive relationship. Similar to the agreement in *Headwell*, the LOI indicates that National might purchase, lease, or finance through Global the eight specific aircraft at issue. This specificity indicates that the LOI may have been exclusive because two finance groups cannot purchase and leaseback the same aircraft.

*Gas Natural Inc. v. Iberdola S.A.*, 33 F. Supp. 3d 373 (S.D.N.Y 2014), does not resolve the matter in National's favor. In *Gas Natural*, the parties made a "conscious decision not to include an exclusivity provision in the LOI." *Id.* at 375. The district court dismissed, ruling that the silent contract was not exclusive as a matter of law. *Id.* at 381, 386. The facts in *Gas Natural* are not parallel to the dealings between Global and National. The rejected provision in *Gas Natural* was for *exclusivity*; in this case, Global rejected a provision for *non-exclusivity*. Unlike in *Gas Natural*, rejecting the non-exclusivity provision in this case does not undermine Global's contention that the LOI was intended as an exclusive agreement by "default."

The question of exclusivity was properly left to the jury given the extrinsic evidence the parties presented to the court. Both sides provided extrinsic evidence

3

regarding the need for exclusivity (i.e., from Global's perspective), or the lack thereof (i.e., from National's perspective). The parties' evidence conflicted, creating a genuine issue of material fact. Therefore, the district court did not err in denying National's motion for summary judgment.

2. We review the district court's order denying National judgment as a matter of law de novo. *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1138 (9th Cir. 2011) (en banc). Judgment as a matter of law is properly granted only "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). We must uphold a jury's verdict "if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible." *Id.* And where "there is substantial evidence to support the verdict," we must affirm "both the verdict and the denial of the motion" for judgment as a matter of law. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 n.9 (9th Cir. 2008).

We review the district court's denial of National's motion for a new trial for abuse of discretion. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). "The district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict." *Id.* Additionally, "[j]ury instructions

are reviewed for an abuse of discretion." *Browning v. United States*, 567 F.3d 1038, 1041 (9th Cir. 2009). "[S]o long as the jury instructions set forth the essential elements that the plaintiff must prove, a district court does not abuse its discretion in declining to give an instruction explicitly addressing [a specific theory]." *Id.* at 1039-40.

Under New York law, it was Global's burden to prove the following elements to establish its breach of contract claim: (a) the existence of a contract between Global and National; (b) National's breach of that contract; and (c) damages suffered by Global as a result of the breach. *See Bear Stearns Inv. Prods., Inc. v. Hitachi Auto. Prods. (USA), Inc.*, 401 B.R. 598, 615 (S.D.N.Y. 2009). Jury Instruction 24 tracked the essential elements of a breach of contract claim under New York law. E.R. at 743. Accordingly, the district court did not abuse its discretion in rejecting a more specific "exclusivity" instruction.

Substantial evidence supported the jury's verdict. The jury saw and heard extensive evidence on why the LOI made no sense to Global without exclusivity; context about the negotiation of the LOI which included the removal of a non-exclusivity provision; and testimony about industry norms. The jury reasonably could have found that both parties intended for an exclusive LOI. Accordingly,

National is not entitled to judgment as a matter of law and reversal of the jury's verdict (or a new trial) is not warranted.

**3.** As to damages, we review de novo whether jury instructions misstate the law. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 988 (9th Cir. 2009). And we review awards of compensatory damages for "substantial evidence." *Harper*, 533 F.3d at 1028.

National contends that Global sought to avoid the heightened burden of proof that New York law imposes upon entities seeking damages for lost profits by characterizing its damages as "benefit of the bargain," rather than "lost profits" damages. Therefore, National argues, the district court improperly instructed the jury on Global's damages.

Because the LOI called for the sale and lease of commercial goods, the New York Uniform Commercial Code applies. *See Songbird Jet Ltd., Inc. v. Amax, Inc.*, 581 F. Supp. 912, 921 (S.D.N.Y. 1984). For its breach of contract claim, Global sought what it would have received had the contract been performed — that is, "benefit of the bargain" damages. Under the New York UCC, a plaintiff can seek "benefit of the bargain" damages. N.Y. U.C.C. § 2-A-528(2). Accordingly, the district court did not err in instructing the jury on benefit of the bargain damages rather than on lost profits.

National also argues that the jury engaged in improper speculation when it awarded Global $8 million in damages.  In reviewing the jury's damages award, we "must not weigh the evidence," *Harper*, 533 F.3d at 1021, and, instead, we "must uphold the jury's finding of the amount of damages unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or only based on speculation or guesswork," *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).

Where damages are based on claims governed by New York law, a federal court applies the standard of review provided by New York's Civil Practice Law and Rules ("C.P.L.R.") § 5501(c). *Uni-Rty Corp. v. Guangdong Bldg., Inc.*, No. 95-cv-09432-GBD, 2012 WL 1901200, at *6 (S.D.N.Y. May 25, 2012). The C.P.L.R. provides that "'[i]n reviewing a money judgment . . . [the court] shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation.'" *Id.* (quoting C.P.L.R. § 5501(c)).

The jury damage award was supported by substantial evidence that Global could and would have obtained financing and the benefit of the bargain would have been substantial. For instance, if National and Global had continued the relationship as a finance lease, the jury heard evidence from both parties' experts that Global would have earned $1.9 million per aircraft or approximately $8 million.

7

Additionally, the jury heard evidence supporting an $8 million damages award under a broker-dealer scenario. In other words, after reneging on the LOI with Global, National still acquired several aircraft through Goldman Sachs as a broker. National paid Goldman Sachs a 2.5% broker fee on the $332.9 million in financing that Goldman Sachs secured — which amounted to approximately $8 million. Accordingly, substantial evidence supported the jury's verdict, and the jury did not improperly speculate when reaching the damages award.

For the foregoing reasons, we affirm the district court's ruling on summary judgment and reversal of the jury's verdict (or a new trial) is not warranted.

**AFFIRMED.**